IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF IOWA
CEDAR RAPIDS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, <br> Plaintiff, <br> vs. <br> REAL PROPERTY LOCATED AT 505 PRAIRIE VIEW DRIVE, FAIRFAX, IOWA, <br> Defendant, <br> And Concerning. <br> MICHAEL CUTTER, <br> Claimant. | No. C13-0050 <br><br> ORDER AMENDING ANSWER |

This matter comes before the Court on the Motion for Leave to Amend Answer (docket number 67) filed by the Claimant on October 24, 2014 and the Resistance (docket number 73) filed by the Government on November 7. Pursuant to Local Rule 7.c, the motion will be decided without oral argument.

## I. BACKGROUND

On May 15, 2013, the United States filed a verified complaint seeking forfeiture of the property at 505 Prairie View Drive in Fairfax, Iowa. In paragraph 8 of the complaint, the United States alleges that "Michael Cutter is not an innocent owner of the real property." On August 21, 2013, Michael Cutter filed a claim to the property and an answer to the complaint. In his answer, Cutter denies the United States' allegation that he is not an innocent owner. Cutter also asserted two affirmative defenses: first, that the forfeiture would constitute an excessive fine in violation of the Eighth Amendment; and

second, that if the property is forfeitable, he is entitled to "remission or mitigation of forfeiture."

On November 4, 2013, the Court adopted a proposed Scheduling Order and Discovery Plan submitted by the parties. Among other things, the parties agreed to a January 30, 2014 deadline for amending the pleadings. In reliance on the deadlines, trial has been scheduled for November 24, 2014.

On August 26, 2014, the United States filed a motion for summary judgment. Among other things, the United States asserts the defendant property was used to facilitate the sale of drugs. In its supporting brief, the United States argues that because Cutter has not pleaded that he is an innocent owner, he can only avoid forfeiture by showing it would be an excessive fine.[1] In his responsive brief (docket number 63-1), Cutter claims that forfeiture would constitute an "excessive fine," but he does not address the issue of "innocent owner." In its reply brief, the United States again asserts that Cutter's knowledge of the illegal activity "is not relevant to forfeiture for facilitation" because Cutter "has not pled innocent owner."[2]

On October 24, 2014 — shortly after the United States filed its reply brief — Cutter filed the instant motion to amend his answer, for the sole purpose of adding an affirmative

---

[1] Government's Brief (docket number 56-3) at 18-19:
> Using or intending to use real property as a site for a drug transaction renders the property subject to forfeiture. To prevent the forfeiture, claimant must rebut the substantial connection or plead he is an innocent owner pursuant to 18 U.S.C. § 983. Here claimant has not pled innocent owner. Therefore, once the government proves the substantial connection, claimant can only avoid forfeiture of the defendant real property by proving an affirmative defense or that the forfeiture is an excessive fine. (internal citations omitted)

[2] Government's Reply (docket number 66) at 2.

2

defense asserting he is an innocent owner. The Government argues that the proposed amendment is untimely and, in any event, would be futile.

## II. DISCUSSION

### A. Is the Motion Untimely?

The FEDERAL RULES OF CIVIL PROCEDURE impose a liberal standard in determining whether an amendment should be permitted. FED. R. CIV. P. 15(a)(2) ("The court should freely give leave when justice so requires."). A different standard applies, however, if the motion for leave to amend is filed *after* the deadline for amending pleadings as established in the scheduling order. An extension of the deadline under the scheduling order requires a showing of "good cause" and requires the judge's consent. RULE 16(b)(4).

"The interplay between RULE 15(a) and RULE 16(b) is settled in this circuit." *Sherman v. Winco Fireworks, Inc.*, 532 F.3d 709, 716 (8th Cir. 2008). That is, when a party seeks leave to amend a pleading outside of the time period established by a scheduling order, the good-cause standard of RULE 16(b) governs, rather than the more liberal standard of RULE 15(a). *Id.* (citing *Popoalii v. Corr. Med. Servs.*, 512 F.3d 488, 497 (8th Cir. 2008)). "If we considered only RULE 15(a) without regard to RULE 16(b), we would render scheduling orders meaningless and effectively would read RULE 16(b) and its good cause requirement out of the FEDERAL RULES OF CIVIL PROCEDURE." *In re Milk Products Antitrust Litigation*, 195 F.3d 430, 437-38 (8th Cir. 1999) (quoting *Sosa v. Airprint Sys., Inc.*, 133 F.3d 417, 419 (11th Cir. 1998)). *See also Hartis v. Chicago Title Ins. Co.*, 694 F.3d 935, 948 (8th Cir. 2012).

Here, the deadline for amending the pleadings was January 30, 2014. The instant motion was not filed until October 24, some nine months after the deadline expired, and only one month before trial. Accordingly, Cutter must show good cause for modifying the Scheduling Order. "The primary measure of good cause is the movant's diligence in attempting to meet the order's requirements." *Sherman*, 532 F.3d at 716 (quoting *Rahn*

*v. Hawkins*, 464 F.3d 813, 822 (8th Cir. 2006)). Prejudice to the nonmovant resulting from modification of the scheduling order may also be a relevant factor, but the court will generally not consider prejudice if the movant has not been diligent in meeting the scheduling order's deadlines. *Id.* at 717 (citing *Bradford v. DANA Corp.*, 249 F.3d 807, 809 (8th Cir. 2001)).

In his motion and supporting brief, Cutter does not directly address his obligation to show good cause for failing to comply with the pleadings deadline. Instead, he notes that the United States raised the issue in its complaint by asserting Cutter was *not* an innocent owner, which he denied in his answer. That is, Cutter argues that his answer denying the Government's allegations regarding innocent owner "squarely places innocent owner at issue." Nonetheless, "[i]n an abundance of caution," Cutter asks that he be permitted to add innocent owner as an affirmative defense.

The innocent owner defense, found at 18 U.S.C. § 983(d), provides that an innocent owner's interest in property shall not be forfeited. "The claimant shall have the burden of proving that the claimant is an innocent owner by a preponderance of the evidence." 18 U.S.C. § 983(d)(1). The statute is silent regarding whether the defense must be affirmatively pled by the claimant. In his brief, Cutter claims that counsel has been unable to find any case law holding that the defense of innocent owner must be pleaded. In its resistance, the Government cites *United States v. Real Property in Mecklenburg County, N.C.*, 814 F. Supp. 468 (W.D.N.C. 1993). There, the district court found that the innocent owner defense is an affirmative defense and "[f]ailure to plead the defense in the answer waives it." *Id.* at 481. In *Mecklenburg County*, however, the question of whether the claimant was an innocent owner was apparently never an issue. *Id.* ("Her position has been that drug money was not used to finance the property, rather than that drug money was used but she did not know it.") In *United States v. James Daniel Good Real Property*, 510 U.S. 43, 55 (1993), the Court noted that "[t]he affirmative defense of innocent

4

ownership is allowed by statute."[3] For purposes of this case, the Court assumes that an innocent owner defense must be affirmatively pleaded by the Claimant.

The issue then becomes whether Cutter had good cause for failing to timely plead that he was an innocent owner. Here, for whatever reasons, the United States elected to affirmatively plead that Cutter was *not* an innocent owner. Cutter denied the allegation in his answer. Under these circumstances, the Court concludes that the initial pleadings put the question of Cutter's innocent ownership at issue. Because the issue of innocent ownership was already part of the pleadings, the Court finds that there was good cause for Cutter's failure to affirmatively plead it.

The Court must also consider whether the proposed amendment would prejudice the United States. As noted, the issue of whether Cutter is an innocent owner has been part of this case since the United States filed its complaint. In its resistance, the Government asserts that "[h]ad innocent owner been a pled defense, the dynamic of the case would have changed and the government would have proceed differently."[4] The Government fails to state, however, *how* the "dynamic" would have changed or how it would have "proceeded differently." Cutter's involvement in Nelson's drug activities has been an issue from the beginning. In its complaint, the United States asserts alternatively that the defendant property was purchased by Cutter using drug proceeds. The Court does not believe that allowing Cutter to formally plead innocent ownership will prejudice the United States.

---

[3] At that time, the defense of innocent ownership was found at 21 U.S.C. § 881(a)(7), but it was moved to its current location by the Civil Asset Forfeiture Reform Act of 2000. *See* Public Law 106-185.

[4] Government's Brief (docket number 73-1) at 4.

## B. Is the Proposed Affirmative Defense Futile?

FEDERAL RULE OF CIVIL PROCEDURE 15(a)(2) instructs the Court to "freely give leave [to amend] when justice so requires." The United States Supreme Court has made it clear that "this mandate is to be heeded." *Foman v. Davis*, 371 U.S. 178. 182 (1962). A party does not, however, have an absolute or automatic right to amend. *United States ex rel. Lee v. Fairview Health System*, 413 F.3d 748, 749 (8th Cir. 2005). Denial of leave to amend may be justified "by undue delay, bad faith on the part of the moving party, futility of the amendment, or unfair prejudice to the opposing party." *United States ex rel. Joshi v. St. Luke's Hosp., Inc.*, 441 F.3d 552, 557 (8th Cir. 2006). Here, the United States argues that the proposed affirmative defense of innocent ownership would be futile.

"Denial of a motion for leave to amend on the basis of futility 'means the district court has reached the legal conclusion that the amended complaint could not withstand a motion to dismiss under RULE 12(b)(6) of the FEDERAL RULES OF CIVIL PROCEDURE.'" *Zutz v. Nelson*, 601 F.3d 842, 850 (8th Cir. 2010) (quoting *Cornelia I. Crowell GST Trust v. Possis Med., Inc.*, 519 F.3d 778, 782 (8th Cir. 2008). Accordingly, it is necessary to review whether Cutter's proposed affirmative defense of innocent ownership would withstand a motion to dismiss.

It is axiomatic that when considering a motion to dismiss, the Court must accept all factual allegations as true. *McAuley v. Federal Ins. Co.*, 500 F.3d 784, 787 (8th Cir. 2007). In accepting as true the denials made by Cutter in his answer, the Court finds that the affirmative defense survives a motion to dismiss. In this case, the Court has also considered the Government's motion for summary judgment. While Cutter's claim of being an innocent owner was not part of the summary judgment proceedings, the Court notes parenthetically that genuine issues of material fact in dispute would have precluded summary judgment on the affirmative defense.

## III. ORDER

IT IS THEREFORE ORDERED that the Motion for Leave to Amend Answer (docket number 67) filed by Claimant Michael Cutter is **GRANTED**. The Clerk of Court is directed to detach and separately docket the Amended Answer to Verified Complaint for Forfeiture In Rem (docket number 67-2) attached to the motion.

DATED this 10th day of November, 2014.

JON STUART SCOLES
CHIEF MAGISTRATE JUDGE
NORTHERN DISTRICT OF IOWA